United States Court of Appeals
Fifth Circuit

**F I L E D**

**April 15, 2003**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS

FOR THE FIFTH CIRCUIT

_____

No. 03-10116
_____

UNITED STATES OF AMERICA,

                                      Plaintiff - Appellee,

                         versus

MICHAEL C. ROBERSON,

                                      Defendant - Appellant.

_____

Appeal from the United States District Court
for the Northern District of Texas
(USDC No. 4:02-CR-182-1-A)
_____

Before GARWOOD, JOLLY, and HIGGINBOTHAM, Circuit Judges.

PER CURIAM:[*]

    Defendant Michael C. Roberson, a former employee of the United States Post Office, pleaded guilty to a one-count information that charged him with stealing the cash proceeds of retail postage sales and making false and fictitious entries regarding those sales in the records of the United States Postal Service in violation of 18 U.S.C. § 2073. On appeal, Roberson challenges the sentence imposed by the district court for his offense, arguing that the district court erred when it estimated the loss attributable to his crime to

---

[*]Pursuant to 5th Cir. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5th Cir. R. 47.5.4.

be at least $28,582.24 and increased his offense level by four points. Specifically, Roberson argues that the loss estimation is erroneous because it is based on unsubstantiated assumptions about specific transactions that Roberson voided under unusual circumstances, and on unsubstantiated assumptions about the frequency with which Roberson used various illegal schemes to cover-up his thefts.

A district court's calculation of loss attributable to a defendant's scheme to steal or defraud is a factual finding that this court reviews for clear error. United States v. Caldwell, 302 F.3d 399, 418 (5th Cir. 2002); United States v. Robichaux, 995 F.2d 565, 571 (5th Cir. 1993). For purposes of sentencing, "the loss need not be determined with precision." United States v. Hammond, 201 F.3d 346, 350 (5th Cir. 1999) (quoting United States Sentencing Commission, Guidelines Manual, § 2B1.1, comment (n.3) (Nov. 1998)). "The court need only make a reasonable estimate of the loss, given the available information." Id.

In this case, after careful consideration of the briefs and the record, we are not persuaded that the district court committed any prejudicial error when it estimated the loss attributable to Roberson's crimes to be at least $28,582.24. Accordingly, we affirm the sentence imposed by the district court.

As noted above, Roberson pleaded guilty to a one-count information that charged him with making false and fictitious entries regarding retail postage sales in the records of the United

States Postal Service in violation of 18 U.S.C. § 2073. By pleading guilty to the information, Roberson admitted that, from approximately September 24, 1999, until June 14, 2001, he deliberately (1) voided legitimate sales of postage, (2) failed to report sales of postage, and (3) mishandled and mislabeled cash transactions as check transactions in order to cover-up his theft of cash proceeds from those sales. In addition, at sentencing, the government established that the Mansfield, Texas Post Office where Roberson worked lost an approximate total of $41,000 in retail inventory and/or sales proceeds during the time when Roberson admittedly embezzled cash from retail postage sales. Because Roberson was the only person inculpated in the investigation of the Mansfield Post Office's retail losses, the district court reasonably could have estimated that all of the Post Office's retail losses were attributable to Roberson's illegal schemes. Because the district court could have reasonably estimated the loss attributable to Roberson's crime to be approximately $41,000, there can be no prejudicial error associated with an estimate that is less than that amount.

In order to show a prejudicial clear error in this case, Roberson would have to show that it was clearly erroneous for the district court to estimate his loss to be more than $10,000 (the minimum amount of loss necessary to trigger the four-point increase in offense level that Roberson actually received). See U.S.S.G. § § 2B1.1(b)(1)(C). Although Roberson has challenged the reliability

3

of the method used by his probation officer in his presentence report and by the district court to calculate the exact figure of $28,582.24, Roberson has produced no evidence to show that the loss attributable to his crimes was only $10,000 or less. Thus, while we do not embrace the district court's methodology in computing the total loss over the period of twenty-one months, we are persuaded that based upon the entire record, there was no clear error in estimating the loss attributable to Roberson's crime to be more than $10,000 and less than $41,000.

Accordingly we AFFIRM the sentence of the district court.

AFFIRMED.